SMITH BROS., PUBLISHERS, Inc., v. MOUSSETTE.

(Supreme Court, Appellate Term.   January 5, 1912.)

1. CONTRACTS (§ 98*)—FRAUD—EFFECT.
Fraud does not make a contract void, but only permits an innocent party to avoid it at his option.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 447; Dec. Dig. § 98.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CONTRACTS (§ 97*)—RESCISSION—FRAUD.

    An innocent party, induced to make a contract by fraud, cannot, after discovering the fraud, wait until he receives the benefits of the contract, and then avoid it on that ground.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 442–446; Dec. Dig. § 97.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Smith Bros., Publishers, Incorporated, against Oliver J. Moussette. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Hugart F. Norman, for appellant.

Alexander S. Bacon (Charles Podsenick, of counsel), for respondent.

LEHMAN, J. The defendant agreed, in a written contract made in August, 1908, to pay for advertising to be inserted in a trade circular issued by the plaintiff. The contract has been fully performed by the plaintiff, but the defendant seeks to avoid payment on the ground that he was induced to sign the contract by the fraud of plaintiff's solicitor, who represented that the trade circular has a circulation of 20,000 a month.

[1, 2] Fraud does not make a contract void, but gives the innocent party the right to avoid the contract if he desires. The innocent party cannot, however, after discovery of the fraud, sit back and accept the benefit of the contract. In this case it does not appear when the defendant discovered the alleged fraud, but it does appear that until suit was begun he never claimed that the contract was induced by fraudulent representations. It was shown that even in the preceding month the defendant had in writing admitted the validity of the contract. Without clear evidence as to the time the defendant discovered the fraud, it would appear that his claim of fraud was merely a method of repudiating a contract after he had received its full benefit.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.